UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-60471-CIV-GAYLES

DENNIS GODELIA and
STERLING YOUMAS,

    Plaintiffs,

v.

ZOLL SERVICES, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Exclude Opinions of Plaintiffs' Expert Witness, Rajdeep Gadh, M.D. [ECF No. 66]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

## BACKGROUND

Defendant Zoll Services, Inc. ("Zoll") designs, manufactures, and markets the LifeVest, a wearable defibrillator for patients at risk for sudden cardiac arrest. The LifeVest is made to detect life-threatening heart rhythms and deliver a shock to restore normal rhythm. The LifeVest is a Class III medical device, initially approved for sale in 2001 by the Food and Drug Administration ("FDA").

In November 2013, after recovering from a cardiac operation, Debra Godelia began using the LifeVest. On November 18, 2013, Mrs. Godelia experienced a defibrillation event[1] and lost consciousness. Although the parties dispute why, Mrs. Godelia's LifeVest did not administer a shock. Mrs. Godelia remained unconscious until she died in the hospital on November 20, 2013.

---

[1] A defibrillation event is either ventricular tachycardia ("VT") (150 beats per minute) or ventricular fibrillation ("VF") (200 beats per minute).

Plaintiffs Dennis Godelia and Sterling Youmas ("Plaintiffs") then filed this action against Defendant asserting claims for strict products liability, negligence, fraudulent misrepresentation, fraudulent marketing and promotion, breach of express warranty, negligent misrepresentation, and negligent infliction of emotional distress arising out of Mrs. Godelia's use of the LifeVest.[2]

Defendant has now moved to exclude the opinions of Plaintiffs' expert witness, Dr. Rajdeep Gadh. Dr. Gadh was Mrs. Godelia's treating nephrologist. He was later retained by Plaintiffs as an expert. In his Report, Dr. Gadh opines that "Mrs. Godelia's life expectancy was an additional 8.8 years, and, had she undergone a kidney transplant, an additional 25 years, after beginning dialysis in 2010." Gadh Report, p. 3. Defendant contends that Dr. Gadh's Report and testimony must be excluded because his opinions are not reliable and will not assist the trier of fact.[3] The Court disagrees and finds that Defendant's arguments go to the credibility of Dr. Gadh's opinions and the weight the jury should afford them rather than their admissibility.

## ANALYSIS

Federal Rule of Evidence 702, amended in 2000 in response to the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), states that an expert witness may testify if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702(a)–(d). "As the Supreme Court made abundantly clear in *Daubert*, Rule

---

[2] After the Court dismissed Plaintiffs' Second Amended Complaint, the Eleventh Circuit reversed, in part, finding that, as pled, Plaintiffs' claims were not preempted under the Medical Device Amendments of 1976 ("MDA"). The Eleventh Circuit affirmed this Court's finding that Plaintiff failed to state a claim for negligent infliction of emotional distress. Following remand and discovery, both sides moved for summary judgment, which the Court denied.

[3] Defendant does not argue that Dr. Gadh is not qualified as an expert.

702 compels the district courts to perform the critical 'gatekeeping' function concerning the admissibility of expert scientific evidence." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (quoting *Daubert*, 509 U.S. 589 n.7).

To perform its gatekeeping duty, the Court must conduct a "rigorous three-part inquiry" under Rule 702, considering whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Frazier*, 387 F.3d at 1260. The proponent of the expert bears the burden of showing, by a preponderance of the evidence, that each of these requirements is met. *Id.*

While the Court's gatekeeping function ensures that unreliable testimony does not reach the jury, the Court must not make determinations on the credibility or persuasiveness of the proffered opinions; "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003).

I.  Dr. Gadh's Opinions are Reliable

The Court finds Dr. Gadh's opinions to be reliable. To assess reliability, the Court may consider several non-exhaustive factors including: "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." *Frazier,* 387 F.3d at 1262 (internal citations omitted). This list "neither necessarily nor exclusively applies to all experts or in every case."

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). The trial court has "the same kind of latitude in deciding how to test an expert's reliability . . . as it enjoys when it decides whether or not that expert's relevant testimony is reliable." *Id.* at 152.

In forming his opinion, Dr. Gadh took into account Mrs. Godelia's age, sex, modality of dialysis, and the fact that she was a diabetic and had heart disease. Using his experience and the 2017 United States Renal Data System ("USRDS") Annual Data Report, Volume 2 – End Stage Renal Disease ("ESRD") ("Table 5.4"), Dr. Gadh was able to opine that Mrs. Godelia's life expectancy was 8.8 years or, had she undergone a kidney transplant, an additional 25 years. Defendant contends that Dr. Gadh did nothing more than copy the values from Table 5.4 without applying clinical analysis or methodology. The Court disagrees. While Dr. Gadh's opinion utilized Table 5.4, he took into account other evidence, including his experience with the patient and her specific health issues, to reach his conclusions. Defendant's attacks on the "reliability" of Dr. Gadh's opinions relate to his credibility or to the weight that should be afforded his findings and not the admissibility of his testimony. *See Jones v. Otis Elevator Co.*, 861 F.2d 655, 663 (11th Cir. 1988) ("[T]he weaknesses in the underpinnings of the expert's opinion go to its weight rather than its admissibility.").

II.   Dr. Gadh's Opinions will Assist the Jury

The Court must also determine whether the proffered testimony "concerns matters that are beyond the understanding of the average lay person." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Tyco Integrated Sec., LLC*, No. 13-CIV-80371, 2015 WL 11251759, at *2 (S.D. Fla. July 6, 2015) (quoting *Edwards v. Shanley*, 580 F. App'x. 816, 823 (11th Cir. 2014)). While a lay person might be able to read a life expectancy table, Dr. Gadh, an experienced nephrologist, will be able to explain Table 5.4 as it specifically relates to Mrs. Godelia's unique conditions and characteristics. Accordingly, the Court finds that Dr. Gadh's opinions will clearly assist the jury.

## CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Exclude Opinions of Plaintiffs' Expert Witness, Rajdeep Gadh, M.D. [ECF No. 66] is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of August, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE